FILED

2012 SEP 10  PM 4: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNA DAUTERIVE, | ) NO. CV 12-7478 UA (DUTYx) |
| Plaintiff, | ) |
| v. | ) **ORDER SUMMARILY REMANDING** |
| CHERYL ANN JOHNSON, et al., | ) **IMPROPERLY-REMOVED ACTION** |
| Defendants. | ) |

The Court will remand this unlawful detainer action to state court summarily because defendant Cheryl Ann Johnson ("defendant") removed it improperly.

On August 30, 2012, defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v.

---

[1] 28 USC § 1441(a) provides that:

Except as otherwise expressly provided by Act of Congress, any civil action

1   Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005). As an initial matter, the

2   state court complaint attached to the Notice of Removal asserts only a single cause of action for

3   unlawful detainer pursuant to California Code of Civil Procedure § 1166a. (See Notice of

4   Removal, Exh. 2 at 2).[2] Accordingly, the state court complaint discloses no federal statutory or

5   constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal.

6   2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank,

7   F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the

8   Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

9       Moreover, the Court finds unpersuasive defendant's contention that federal question

10  jurisdiction exists because plaintiff's state court complaint implicates defendant's "due process

11  rights guaranteed by the Fourteenth Amendment to the United States Constitution arising from

12  property interests on [sic] the premises in question[.]" (see Notice of Removal at 2-3). It is well-

13  settled that "a case may *not* be removed to federal court on the basis of a federal defense . . .

14  even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that

15  the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386,

16  393, 107 S.Ct. 2425, 2430 (1987) (italics in original). Nor can a counterclaim "serve as the basis

17  for [§ 1331[3]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,

18  535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus, to the extent defendant's defenses

19  or counterclaims to the unlawful detainer action are based on alleged violations of federal law,

20  those allegations do not provide a basis for federal-question jurisdiction. See Deutsche Bank Nat.

21  Trust Co. v. Perez, 2012 WL 3027678, at *3 (N.D. Cal. 2012) ("to the extent Defendants' defense

22

23           brought in a State court of which the district courts of the United States have
               original jurisdiction, may be removed by the defendant or the defendants, to

24           the district court of the United States for the district and division embracing
               the place where such action is pending.

25

26    [2] For ease of reference, the court labels and refers to the pages in Exh. 2 of the Notice of
    Removal in consecutive order, i.e., 1-3.

27    [3] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil

28  actions arising under the Constitution, laws, or treaties of the United States."

1  to the unlawful detainer action is based on alleged violations of the federal constitution, those

2  allegations do not provide a basis for federal jurisdiction[]").

3     Finally, even if complete diversity of citizenship exists, the amount in controversy does not

4  exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[4] 1441(b).[5] On the

5  contrary, the state court complaint recites that the amount in controversy does not exceed

6  $10,000. (See Notice of Removal, Exh. 2 at 2). Thus, because the amount in controversy is less

7  than $75,000, diversity jurisdiction is also lacking. See 28 U.S.C. § 1332(a); St. Paul Mercury

8  Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case

9  as disclosed by the plaintiff's complaint is controlling for purposes of removal).

10    Based on the foregoing, IT IS ORDERED that:

11    1.  This matter shall be REMANDED to the Superior Court of California, Los Angeles

12  County, Southwest District, Inglewood Courthouse, One Regent Street, Inglewood, CA 90301, for

13  lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

14    2.  The Clerk shall send a certified copy of this Order to the state court.

15    3.  The Clerk shall serve copies of this Order on the parties.

16  DATED: _____ 9/6 _____, 2012.

17                                    AUDREY B. COLLINS

18                                    CHIEF UNITED STATES DISTRICT JUDGE

19

20

21  [4]  28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

22

23  [5]  28 U.S.C. § 1441(b) provides that:

24         (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants

25         sued under fictitious names shall be disregarded.

26         (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties

27         in interest properly joined and served as defendants is a citizen of the State

28         in which such action is brought.